**In re: the Matter of SONOMA COUNTY FIRE CHIEF'S APPLICATION FOR AN INSPECTION WARRANT Re: Sonoma County Assessor's Parcel Number 131–040–001 OR 3250 Highway 128, Geyserville, County of Sonoma Superior Court Case No. 231201,**

**Sonoma County Fire Chief, Petitioner–Appellant,**

v.

**Dry Creek Rancheria Band of Pomo Indians, Respondent–Appellee.**

No. 05–16011.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2007.

Filed April 5, 2007.

Steven M. Woodside, Gregory Dion, Esq., Office of County Counsel, Santa Rosa, CA, for Petitioner–Appellant.

Jerome L. Levine, Esq., David M. Gonden, Esq., Holland & Knight LLP, San Francisco, CA, for Respondent–Appellee.

Before: B. FLETCHER, CLIFTON, and IKUTA, Circuit Judges.

## MEMORANDUM *

The district court ruled against the Sonoma County Fire Chief (County) on the County's lawsuit for an inspection warrant, dismissing in part and granting summary judgment against the County in part. The County appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court properly had jurisdiction over this case, as the County's complaint raised a federal question by arguing that Public Law 280 (18 U.S.C. § 1162; 28 U.S.C. § 1360) and federal case law allowed the County to enforce fire codes on the casino. See 28 U.S.C. § 1331. Thus, it was proper for the district court to refuse to remand after the Dry Creek Rancheria Band of Pomo Indians (Tribe) had removed the case from state court. See 28 U.S.C. § 1441(b).

The district court also correctly held that the County could not enforce fire codes on reservation lands. Under *California v. Cabazon Band of Mission Indians*, 480 U.S. 202, 207–10, 107 S.Ct. 1083, 94 L.Ed.2d 244 (1987), Public Law 280 does not authorize states to enforce civil/regulatory laws on tribal land, and the fire codes in question here fall into that category. Much as the state regulates driving through the creation of civil/regula-

tory speeding laws, see *Confederated Tribes of the Colville Reservation v. Washington*, 938 F.2d 146, 148–49 (9th Cir.1991) (holding that speeding laws were civil/regulatory), it regulates building through the creation of civil/regulatory fire codes. See also *Doe v. Mann*, 415 F.3d 1038, 1054–55 (9th Cir.2005), cert. denied, 547 U.S. 1111, 126 S.Ct. 1909, 164 L.Ed.2d 663 (2006) and 547 U.S. 1111, 126 S.Ct. 1911, 164 L.Ed.2d 663 (2006) (citing *Colville* for this reasoning and noting that relying on tribal enforcement does not undermine state policy).

Although *Cabazon* recognized that there might exist "exceptional circumstances" justifying a state's " 'jurisdiction over the on-reservation activities of tribal members' " even when Congress has not expressly consented, 480 U.S. at 214–15, 107 S.Ct. 1083 (quoting *New Mexico v. Mescalero Apache Tribe*, 462 U.S. 324, 331–32, 103 S.Ct. 2378, 76 L.Ed.2d 611 (1983)), the fire codes do not constitute such an "exceptional circumstance." In making this determination, "[t]he asserted exceptional circumstances are weighed against traditional notions of Indian sovereignty and the congressional goal of encouraging tribal self-determination, self-sufficiency, and economic development." *Gobin v. Snohomish County*, 304 F.3d 909, 917 (9th Cir. 2002). Because of factual similarities, we find *Gobin's* balancing instructive here. The County is correct that the casino impacts substantially more non-tribal members than the residential development held in *Gobin* to be beyond state jurisdiction, see id. at 918, but the state's interests here are also lesser than those in *Gobin* due to the existence of a comprehensive Compact between California and the Tribe. The Compact imposes safety obligations upon

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

the Tribe and provides means of enforcement and of dispute resolution, thus giving the state an alternative method of vindicating its interests in safety, should the state come to believe that the Tribe is failing on this front. *See Cabazon Band of Mission Indians v. Wilson,* 37 F.3d 430, 435 (9th Cir.1994) (noting, in the similar context of federal preemption of state regulation of Indians, that a state's interest in taxing on-reservation off-track betting operations to pay for the state's off-track betting regulatory apparatus is diminished when a Compact provides an alternative method by which the state can be reimbursed). Significantly, the Compact does not establish a role for the County, and the state has not supported the County's position. Balancing the relevant competing interests leads us to conclude that no exceptional circumstance exists here.

As for the easement, it is undisputed that title to the easement is held by the United States. If the easement is held in trust for the Tribe, our previous analysis dictates that the fire codes cannot be enforced on it. If it is not held in trust, it remains undisputed that the Tribe uses the easement for access to the reservation with the government's permission. Since the United States is not a party to this action, its rights, including its right to permit the Tribe to use the easement under the current conditions, cannot be affected by this litigation.

**AFFIRMED.**